12

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY HARDIN, Appellant.

First Department, March 15, 1979

APPEARANCES OF COUNSEL

*Bobby Hardin,* appellant *pro se,* and *Andrew H. Rossmer* for appellant.

*Kenneth R. Larywon* of counsel *(Billie Manning* with him on the brief; *Mario Merola, District Attorney),* for respondent.

## OPINION OF THE COURT

SILVERMAN, J.

Defendant appeals from his conviction pursuant to plea of guilty of the crime of robbery in the first degree under which he was sentenced to an indeterminate term of imprisonment, as a second felony offender, of 7½ to 15 years.

Defendant, indicted for the crimes of robbery in the first degree and second degree, and related crimes, pleaded guilty to the crime of robbery in the second degree before Justice QUINN on October 18, 1976. At the time of that plea it was represented to the court by the District Attorney and by defendant's attorney that defendant had no previous criminal record and, based on that, the District Attorney recommended a sentence of imprisonment of 3⅓ to 10 years. In accepting the plea, the court stated his intention to impose the recommended sentence but that the court was doing so based upon the representation with respect to defendant's lack of any past criminal record. The court said he would order a probation report and said, "I tell you now that if an examination of that probation report shows that the attorneys have been inaccurate in reporting to me material relating to your personal history and lack of criminal record, and your involvement in this case, and in the event that I find from the presentence report that the sentence which I have discussed with you would be too lenient a sentence, under the circumstances I will make that fact known immediately to your attorney, Mr. Schubert, and I will afford him an opportunity, in your behalf, to make an application to withdraw the plea which is under discussion here right now, and to have the indictment here

reinstated and to permit you to go to trial under this indictment."

When the defendant came up for sentencing on November 19, 1976, it appeared that defendant had three previous felony convictions in Illinois for robbery and attempted robbery. The court thereupon read to the defendant a portion of the transcript of the plea minutes, including the foregoing excerpt, and stated that he considered the previously discussed sentence of 3⅓ to 10 years far too lenient. The court further stated that unless the defendant and his attorney decided "to reoffer the plea here, on the basis of a more severe sentence and you have no obligation to do this, I tell you that if that doesn't take place, I will immediately here hear an application by Mr. Schubert [defendant's attorney] on your behalf to vacate the plea here to reinstate the indictment and to allow you to go to trial. Failing such application I will give some serious consideration and I can tell you as a practical matter I shall do it, I will vacate the plea myself and reinstate the indictment." At this point, Mr. Schubert, defendant's attorney, stated that his client apparently felt that his attorney had misled him as to the possibility of his receiving a more severe sentence than 3⅓ to 10 years, and in the circumstances, Mr. Schubert requested an adjournment of two or three weeks so that defendant could retain another lawyer; that Mr. Schubert be relieved and that the defendant be advised by the new lawyer as to whether to accept the option to make a motion to withdraw the plea or to let the plea stand. He stated that he was advising his client not to withdraw the plea and to leave the option open to the new attorney. The court after hearing argument, denied the application and on its own motion vacated the plea and reinstated the indictment.

Thereafter on November 29, 1976, the matter came on before Justice OSTRAU; defendant pleaded guilty to robbery in the first degree; Justice OSTRAU determined defendant to be a second felony offender, and sentenced him to an indeterminate term of imprisonment of 7½ to 15 years.

Defendant appeals from that conviction and requests that the conviction of robbery in the first degree be vacated and that the matter be remanded for disposition in the light of the original plea bargain.

■ We agree that the plea of guilty to the crime of robbery in the second degree should not have been vacated by the court on its own motion.

A plea of guilty is a conviction. (CPL 1.20, subd 13.) At least "in the absence of fraud," the court had no power to set aside the plea without the defendant's consent. *(People v Griffith,* 43 AD2d 20, 24; *Matter of Fernandez v Silbowitz,* 59 AD2d 837.) The scope of the "in the absence of fraud" exception referred to in *People v Griffith (supra)* is somewhat undefined. But in the present case, the "fraud" involved was in fact contemplated by the court at the time that it accepted the plea of guilty to robbery in the second degree and the court explicitly stated the consequences of such fraud—that it would allow the defendant to make an application to withdraw the plea and have the indictment reinstated, i.e., an option to the defendant alone to withdraw the plea. A defendant has rather special rights not to have a conviction disturbed and the original indictment reinstated without his consent. For example the only statutory provisions for vacating a conviction on plea or otherwise are on defendant's application. (See CPL 220.60, subd 3; 330.30; 440.10, subd 1.) In the circumstances, we think the court in the present case should be held not to have had the power to go beyond the reservation it had expressly made. We hold, therefore, that the court had no power to vacate the plea of guilty to the crime of robbery in the second degree over the defendant's objection.

The fact that 10 days later defendant voluntarily pleaded guilty to the crime of robbery in the first degree is not in our view equivalent to defendant consenting to vacate the conviction on the plea of guilty to robbery in the second degree; it is at least equally consistent with the defendant recognizing the fact that the court had vacated the plea, and that until that ruling was set aside, defendant was bound by it. We so ruled in a similar situation in *People v Griffith* (43 AD2d 20, 24, *supra).*

■ This plea of guilty to robbery in the first degree does, however, preclude the option of reinstating the plea of not guilty and the indictment. For the only reason that the plea of guilty to robbery in the first degree cannot stand is that there was an outstanding valid conviction of robbery in the second degree. If that conviction is not outstanding and valid, then the plea of robbery in the first degree and the sentence thereon would be valid. And of course defendant does not contend that the conviction on plea of guilty to robbery in the second degree is invalid.

■ Thus the conviction on plea of guilty to robbery in the second degree stands. But as to sentence, on the facts of this case, neither the court nor the District Attorney was bound by any promise of recommendation or conditional promise of sentence made on October 18, 1976 when the plea to robbery in the second degree was taken, for these reasons: (a) the express condition of the court's promise—that defendant had no previous criminal record—turned out to be false; (b) as defendant was discovered to be a second felony offender, the conditionally promised sentence was unlawful. (Penal Law, § 70.06, subd 4; we note that with respect to sentence, unlike conviction, the People as well as defendant may move to set aside the sentence as invalid as a matter of law, without affecting the validity of the underlying conviction, CPL 440.40, subds 1, 5); (c) in the light of the facts known to the court at the time of sentence, the conditionally promised sentence appeared to the court to be too lenient; (d) "[A]ny sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (People v Selikoff, 35 NY2d 227, 238) and thus, whatever its other consequences, such a promise cannot be specifically enforced.

In People v Selikoff (35 NY2d 227, 235, supra) the trial court, in accepting the guilty plea of the defendant Selikoff, originally stated on the record that based on the representations made by the prosecution and defense counsel, as well as on the facts known to him, it was his then opinion that no sentence of imprisonment would be imposed. As a result of information later obtained, the court decided that defendant's participation in the crime had been much more serious than the court originally believed and the court stated that he would not perform his original promise of no imprisonment. He offered the defendant the opportunity to withdraw his guilty plea. Defendant rejected the opportunity and insisted on performance of the promise. The court thereupon sentenced defendant to five years' imprisonment plus a fine. Both the Appellate Division and the Court of Appeals affirmed the judgment. In the case at bar also, the defendant, with full knowledge that the court would impose a more severe sentence than the one conditionally promised, has not sought to vacate the plea to robbery in the second degree. Indeed, defendant's principal contention on this appeal is precisely

that the conviction for robbery in the second degree should not have been vacated.

It follows that the conviction on the plea of guilty to robbery in the second degree must be reinstated and the defendant sentenced thereon without regard to the recommendation or conditional promise of a sentence of 3⅓ to 10 years' imprisonment. We are aware of course that the sentence that was ultimately imposed, 7½ to 15 years, could be imposed on a plea of guilty to robbery in the second degree but we do not know whether that is the sentence that the sentencing court would in fact have imposed if the plea had been to robbery in the second degree rather than to robbery in the first degree and we therefore remand to the Supreme Court for resentence on the plea of guilty to robbery in the second degree.

Defendant *pro se* in a supplemental brief objects that the court did not follow the procedure mandated in CPL 400.21 in determining whether defendant was a second felony offender. We think the statutory procedure was substantially complied with here. But, in any event, the procedure will presumably have to be gone through again on his resentence.

The judgment of the Supreme Court, Bronx County (J. QUINN, J., on vacatur of plea to robbery in the second degree; OSTRAU, J., on plea to robbery in the first degree and sentence), rendered November 29, 1976, convicting defendant on his plea of guilty of robbery in the first degree, and sentencing him thereon as a second felony offender, should be reversed, on the law, and the plea of guilty of robbery in the first degree and the sentence thereon, should be vacated, and defendant's plea of guilty of robbery in the second degree should be reinstated, and the matter remanded to the Supreme Court, Bronx County, for resentence of the defendant.

MARKEWICH, J. (concurring in part). We need not be bothered by considerations of the court's authority, in the circumstances depicted in the majority opinion, unilaterally to vacate defendant-appellant's plea of guilty. While I agree that the second plea of guilty should be vacated as coerced by the situation in which defendant found himself—it should be said, by his own intended deception—I believe that the proceedings should be rolled back to the point where defendant-appellant, faced with discovery of his deception, told the court that he had been misled by his attorney, that he wished him to be relieved so that he might be advised by another lawyer, and requested an adjournment for that purpose. That adjournment

should have been granted in the proper exercise of discretion. This whole sorry mess and resultant delay might well have been avoided had discretion not been abused at this point. The adjournment should have been granted to enable defendant, at this crucial point, to be advised by a lawyer in whom he had confidence. Pique resulting from unexpected developments should not be the operative force by which judicial decisions are fashioned.

MURPHY, P. J., EVANS and FEIN, JJ., concur with SILVER-MAN, J.; MARKEWICH, J., concurs in part in an opinion.

Judgment, Supreme Court, Bronx County, rendered on November 29, 1976, unanimously reversed, on the law, and the plea of guilty of robbery in the first degree and the sentence thereon vacated, and defendant's plea of guilty of robbery in the second degree reinstated, and the matter remanded to the Supreme Court, Bronx County, for resentence of the defendant.