STATE of Minnesota, Respondent,

v.

Dennis James SPRAGGINS, Appellant.

No. A06–1694.

Court of Appeals of Minnesota.

Dec. 4, 2007.

Lori Swanson, Attorney General, St. Paul, MN, and Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondents.

Barry V. Voss, Barry V. Voss, P.A., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WILLIS, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his retrial, reconviction, and sentence as a violation of the prohibition against double jeopardy. Because the district court erred in vacating his initial guilty plea, we reverse that decision, vacate the conviction and sentence resulting from the retrial, and remand for further consideration of the petition for postconviction relief.

## FACTS

Pursuant to an agreement, appellant Dennis Spraggins pleaded guilty to first-degree aggravated robbery and second-degree assault, and accepted a 60–month sentence. In turn, the state agreed not to charge him with first-degree assault and to dismiss an additional count of aggravated robbery at sentencing. The agreed-on sentence constituted an upward durational departure from the presumptive sentence range of 48–52 months. On June 7, 2004, the district court accepted the agreement, convicted Spraggins of the crimes specified, and imposed a 60–month executed sentence.

On June 20, 2005, Spraggins filed a petition for postconviction relief, arguing that based on the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied*, (Minn. Aug. 23, 2004), the upward durational departure of his sentence was unconstitutional and that it should therefore be modified to reflect the presumptive sentence of 48 to 52 months. The state proposed impanelling a sentencing jury to determine whether the 60–month sentence was supported by aggravating factors.

At the postconviction hearing, the district court *sua sponte* withdrew Spraggins' guilty plea over his objection, vacating his conviction. In making its ruling, the district court stated that by challenging the sentence, "the essential terms of the plea negotiation [were] not being met by the

defendant and, therefore, my approval of the plea negotiation and the plea is withdrawn." The district court returned the matter for trial on the initial complaint.

Spraggins moved to dismiss the complaint as a violation of double jeopardy. The motion was denied. Spraggins then entered a *Lothenbach* stipulation for a bench trial on aiding and abetting aggravated robbery in the first degree and reserved his right to appeal the district court's denial of his motion to dismiss. Spraggins was convicted after the new trial and sentenced to 44 months. This appeal follows.

## ISSUES

I. May the court of appeals address the matter of the district court's vacation of appellant's plea?

II. Was the vacation of appellant's plea over his objection a proper exercise of judicial authority?

## ANALYSIS

### I.

■ Spraggins did not directly appeal the *sua sponte* vacation of his guilty plea, conviction, and initial sentence by the district court, but rather argued that the district court's decision to take such an action and his subsequent trial violated his double-jeopardy rights. Under Minn. R.Crim. P. 28.02, subd. 11, "[t]he court

may review any ... matter as the interests of justice so require." Moreover, the scope of appellate review has been extended to also include "substantive questions of law that were properly raised during trial." *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 310 (Minn.2003). Here, Spraggins challenged the order vacating his conviction in his brief and at oral argument. Furthermore, both parties discussed the issue of whether the district court erred in its determination to vacate the plea, conviction, and sentence. Therefore, we consider the question of whether the district court erred in vacating Spraggins's plea and sentence.

### II.

■ The authority of a court to *sua sponte* vacate a guilty plea and conviction is a question of law, which is reviewed de novo. *See, e.g., State v. Chauvin*, 723 N.W.2d 20, 23 (Minn.2006); *see also State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000); *State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn.2000). Relevant precedent in this state does not contemplate the vacation of a guilty plea on the district court's own initiative, and it is an issue not yet addressed by Minnesota caselaw.[1]

■ In Minnesota, principles of contract law are applied to determine the terms

---

1. When a new trial results from a motion made by the defendant, the defendant can be said to have implicitly volunteered for retrial on the merits such that double-jeopardy concerns are waived. *See, e.g., Oregon v. Kennedy*, 456 U.S. 667, 672–73, 102 S.Ct. 2083, 2088, 72 L.Ed.2d 416 (1982) (recognizing that the defendant's election to terminate the first trial by his own motion can limit the defendant's double-jeopardy rights) (citing *United States v. Dinitz*, 424 U.S. 600, 607–11, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976)); *see also State v. Gwara*, 311 Minn. 106, 109, 247

N.W.2d 417, 419 (1976) (stating that where jeopardy attached and mistrial was declared without the defendant's consent, the state may not re-try the defendant unless the mistrial was dictated by manifest necessity or the ends of public justice); *State v. White*, 369 N.W.2d 301, 304 (Minn.App.1985) (stating that "[i]f a mistrial is declared with the defendant's consent, he is deemed to have waived any double-jeopardy claim he might otherwise have."). The defendant has a valued right to complete his trial before the first jury. *Kennedy*, 456 U.S. at 673, 102 S.Ct. at 2088.

and enforcement of plea agreements. *In re Ashman,* 608 N.W.2d 853, 858 (Minn. 2000). The contractual interpretation of plea agreements was reaffirmed by the Minnesota Supreme Court in *State v. Lewis,* 656 N.W.2d 535, 538–39 (Minn.2003). In *Lewis,* the defendant successfully challenged his sentence based on *State v. Misquadace,* 644 N.W.2d 65 (Minn.2002). *Lewis,* 656 N.W.2d at 536. The supreme court recognized that a defendant who challenges a sentence based on *Misquadace* is *not* required to withdraw from his or her plea agreement and stand trial on the original charges, but that because the sentence and conviction are interrelated components of a plea agreement, a district court may consider them in tandem when a defendant successfully attacks his or her sentence. *Id.* at 538–39. The Minnesota Supreme Court concluded that "where the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it *may consider motions* to vacate the conviction and the plea agreement." [2] *Id.* (emphasis added).

▬ It remains to be determined whether a district court may revoke plea agreements *on its own initiative.* The role of the district court in plea agreements is limited.

> Inevitably the judge plays a part in the negotiated guilty plea . . . it is important that he carefully examine the agreed disposition, and it is equally important that he not undermine his judicial role by becoming excessively involved in the negotiations themselves . . .

> . . . .

> . . . The judge's role is not that of one of the parties to the negotiation, but that of an independent examiner to verify that the defendant's plea is the result of an intelligent and knowing choice. . . .

*State v. Johnson,* 279 Minn. 209, 216 n. 11, 156 N.W.2d 218, 223 n. 11 (1968). The insulation of district court judges from plea negotiations is well settled. *E.g., State v. Anyanwu,* 681 N.W.2d 411, 414–15 (Minn.App.2004) (finding that when the district court had promised the defendant a particular sentence, the defendant must be afforded the opportunity to withdraw his guilty plea because the district court had "abandoned its independent role and become an advocate."). As a judicial overseer rather than party to the contract, the district court's role is limited to an administrative capacity after the acceptance of the plea agreement.

▬ "[O]nce a plea is accepted and a judgment of conviction is entered upon it, the general policy favoring finality of judgments applies to some extent, at least, in criminal as well as in civil cases. The tender and acceptance of a plea of guilty is and must be a most solemn commitment." *Chapman v. State,* 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968). When accepted and entered by a district court, a plea of guilty constitutes a conviction. *Bubar v. Dizdar,* 240 Minn. 26, 29, 60 N.W.2d 77, 79 (1953). The conviction can only be reopened in limited circumstances. For example, a district court may exercise discretion in revoking the plea agreement at the behest of the defendant to correct a manifest injustice. Minn. R.Crim. P. 15.05,

---

**2.** The Minnesota Supreme Court acknowledged that granting such a motion may raise double-jeopardy concerns. *Lewis,* 656 N.W.2d at 539 n. 3. Although not yet considered by the appellate courts of the state of Minnesota, we note that retrial under circumstances such as those in the case before us have been found to be a violation of a defendant's double-jeopardy rights in other jurisdictions. *E.g., United States v. Patterson,* 381 F.3d 859 (9th Cir.2004); *State v. De Nistor,* 143 Ariz. 407, 694 P.2d 237, 242 (1985).

subd. 1; *Chapman*, 282 Minn. at 16, 162 N.W.2d at 701. Because of the presumption of finality, the setting aside of a plea should be done only for substantial and compelling reasons and after notice and the opportunity for briefing and hearing by all the parties. Due consideration should be given to whether subsequent criminal proceedings would implicate double-jeopardy concerns.

Other jurisdictions have uniformly held that courts do not have the authority to vacate a defendant's guilty plea over his objection. *E.g., State v. De Nistor*, 143 Ariz. 407, 694 P.2d 237, 242 (1985) (holding that the court may not *sua sponte* vacate the acceptance of a guilty plea and set the issue for trial because such an action would violate the defendant's double-jeopardy rights); *People v. Hardin*, 67 A.D.2d 12, 16, 414 N.Y.S.2d 320 (1979) (stating that, in the absence of fraud, the court has no power to set aside a plea without the defendant's consent); *Commonwealth v. Kotz*, 411 Pa.Super. 319, 601 A.2d 811, 814–15 (1992) (holding that "[a]bsent [ ] an application/motion by the defendant [to withdraw his guilty plea,] a guilty plea, which is spoken of in terms of a verdict of guilty, may not be removed by a trial court *sua sponte*)"; *Perkins v. Court of Appeals For the Third Supreme Judicial District of Texas*, 738 S.W.2d 276, 283 (Tex.Cr.App. 1987) (holding that once the district court accepted the plea of guilty and approved the plea bargain agreement, he had no power to vacate the defendant's plea over his objection).

The United States Court of Appeals for the Ninth Circuit also considered the authority of a district court to vacate a defendant's guilty plea over his objection in *United States v. Patterson*, 381 F.3d 859 (9th Cir.2004). In that case, the Ninth Circuit found that where it is not the defendant's choice to have the plea set aside, the district court is not free to vacate the plea. *Id.* at 865. The court stated:

> ... [A]lthough the district court is free to reject the plea agreement after accepting a guilty plea, it is not free to vacate the plea either on the government's motion or *sua sponte*. Instead, when the court accepts a guilty plea but rejects the plea agreement, it becomes the defendant's choice whether to stand by the plea or to withdraw the plea ... The only course available for the district court, upon rejecting the plea agreement, is to advise the defendant of his rights, including the right to withdraw the guilty plea.
>
> . . . .
>
> ... The district court here clearly accepted [the defendant]'s plea; when it did so, jeopardy attached ... *The district court did not have authority to vacate the plea over [the defendant]'s objections.*

*Id.* (internal quotations omitted) (emphasis added).

Here, Spraggins has never complained that his original plea of guilty pursuant to the agreement was not knowingly, intelligently, and willingly entered, or that it must be withdrawn to correct a manifest injustice. He has not retracted that original guilty plea, and he does not seek restoration of those constitutional rights that he relinquished in consideration of the plea agreement. Even though he challenged the sentence, the state was spared the time and expense of trying his crimes on the merits. The state, for its part of the plea agreement, was committed to recommend the agreed-on sentence to the district court; yet this did not guarantee that its recommendation would be adopted. Minn. R.Crim. P. 15.04, subd. 3(2); *State v. Pero*, 590 N.W.2d 319, 324 (Minn.1999). The state is not necessarily entitled to

obtain the full length of the sentence requested pursuant to an agreement.

Although the district court may consider under *Lewis*, 656 N.W.2d at 539, whether a sentence modification changes such an integral part of the plea "contract" that the conviction itself should also be overturned; that is a question that demands full participation by the parties and careful consideration by the district court. Here, the original agreement reflected critical trade-offs: In return for the guilty plea and acceptance of the longer sentence, the state agreed not to bring and to drop or reduce certain charges. Spraggins avoided the risk of a more serious record and the longer sentence that may have accompanied such a record. However, Spraggins's postconviction challenge does not inexorably require the remedy imposed by the district court. He was challenging only eight months of his 60–month sentence.

We are also mindful of the context in which Spraggins petitioned for postconviction relief regarding his sentence. *Blakely* had recently been decided. Spraggins had framed a promising constitutional attack on his sentence under *Blakely* and *State v. Shattuck*, 704 N.W.2d 131 (Minn.2005). But Spraggins did not seek to otherwise disturb his guilty plea or conviction. Although the state argues that the appellant should have abided by his sentence in accordance with his agreement regardless of the constitutional remedies available to him, many other challenges to sentences conducted in violation of *Misquadace* have been heard and not considered to be a repudiation of a plea agreement more generally. *See, e.g., Hankerson v. State*, 723 N.W.2d 232 (Minn.2006); *Misquadace*, 644 N.W.2d at 72; *State v. Geller*, 665 N.W.2d 514 (Minn.2003).[3] In fact, the supreme court has recognized that a defendant is not required to withdraw his guilty plea in order to challenge an invalid sentence. *Lewis*, 656 N.W.2d at 538. A conflicting stance could impermissibly chill a defendant's right to appeal a sentence, even in the face of legally valid postconviction claims. *See, e.g., U.S. v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968); *North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969) (overruled on other grounds); *State v. Holmes*, 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968). A defendant has a right to challenge a sentence imposed after a final judgment at any time. Minn. R.Crim. P. 28.02, subd. 2; *Ballweber v. State*, 457 N.W.2d 215, 218 (Minn.App.1990). Such a challenge must be considered on the merits without the risk of the revocation of an otherwise-valid guilty plea absent the consent of the defendant.

We are not unmindful of the uncertainty and frustration that district courts in this state experienced in the months that appellate courts developed procedures to cope with the impact of *Blakely* on pending criminal proceedings. In this transition, the district court may have perceived that Spraggins would reap an underserved windfall in obtaining a reduced sentence. However, the use of sentencing juries has now been recognized as proper, and the district court may use such a procedure on remand in this case. *See Hankerson*, 723 N.W.2d at 232.

We conclude that the district court erred in *sua sponte* vacating Spraggins's guilty plea, and we reverse and remand for consideration of his petition for postconviction

---

**3.** Spraggins points out that even his partner-in-crime had obtained a reduction in his sentence on a parallel legal argument. *See State v. Fuller*, No. A04–1665, 2006 WL 90906 (Minn.App. Jan.17, 2006).

relief. Because we have restored the proceeding to postconviction stage, we vacate the conviction and sentence resulting from the continued proceeding and we do not reach Spraggins's double-jeopardy claim.

## DECISION

Because the district court, as an overseer of the plea-agreement contract, did not have the authority to vacate Spraggins's plea *sua sponte* and over his objection, we reverse and remand for consideration of his postconviction petition consistent with this opinion.

**Reversed.**