# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1648

_____

United States of America,

        Appellee,

v.

Monard D. Mosley,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*
\*

_____

Submitted: December 14, 2009
Filed: June 11, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Monard Mosley appeals his conviction for unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After a trial at which Mosley was represented by counsel, a jury found Mosley guilty as charged, and the district court[1] sentenced him to 180 months' imprisonment. Mosley appeals his conviction on the ground that the district court erroneously denied his request to represent himself. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

I.

On October 3, 2006, a security officer at the Research Medical Center notified police that an individual, later identified as Mosley, had removed a handgun from his clothing and left the gun in the center console of his vehicle in the parking lot. The security officer detained Mosley, and when police arrived, they discovered that Mosley had active warrants for his arrest. Police arrested Mosley and searched his vehicle, where they found a firearm in the center console. A grand jury later charged Mosley with unlawful possession of a firearm as a previously convicted felon.

At a hearing before a magistrate judge on September 27, 2007, Mosley expressed his desire to proceed without a lawyer. The magistrate judge granted Mosley's motion to allow his lawyer to withdraw, and provided Mosley with time to consider whether there was a different lawyer whom Mosley would want to represent him. At a pretrial conference before the magistrate judge on October 11, 2007, Mosley again asserted his desire to proceed *pro se*. The magistrate judge engaged in a colloquy with Mosley to ensure that the decision to proceed *pro se* was knowing and voluntary, and then decided that Mosley could represent himself.

Mosley subsequently filed two *pro se* pleadings, including a "Motion to Dismiss Case for Mistaken Identity & Jurisdictional Issues Over a Sovereign," which the magistrate judge was "hard pressed to decipher and discern." R. Doc. 40, at 2. Following Mosley's motions, the government filed a motion for a mental examination to determine Mosley's competency to stand trial. The magistrate judge granted the motion for a competency examination and also determined that Mosley should no longer be permitted to proceed *pro se*. The court appointed counsel for Mosley in December 2007.

At a competency hearing on May 27, 2008, Mosley was disruptive and unresponsive. When the hearing began, Mosley stated that he was present for the

matter, spelled his name, and asserted that "I am a live and living, flesh and blood breathing man, who is a secured party who is sovereign. I am not a corporation." R. Doc. 122, Tr. 2. During the hearing, the magistrate judge asked whether Mosley had read a competency evaluation prepared by the Federal Medical Center. Mosley refused to answer repeated inquiries, and then exclaimed: "Do you know anybody here in this courtroom who has a claim against me? I don't understand, sir. Why am I being detained if no one has a claim against me?" *Id*. at 3. Mosley also reserved his right "not to be compelled to perform any adhesion contract or commercial agreement." *Id*. at 4.

Following these statements, the magistrate judge explained that his earlier order had appointed counsel to represent Mosley, and that Mosley should not proceed *pro se* because he "either [does] not understand these proceedings or [is] not willing to participate in them." *Id*. At the close of the hearing, the magistrate judge reiterated that Mosley would be represented by appointed counsel for all pretrial matters and for trial, because he refused to participate in the proceedings. The district court eventually determined that Mosley was competent to stand trial.

Mosley continued his pattern of unresponsiveness at a pretrial conference on July 10, 2008. Mosley again refused to answer the magistrate judge's questions directly and reiterated that he was a "secured party." The magistrate judge also gave Mosley the opportunity to address the court, at which time Mosley read from a prepared statement making claims that were unrelated to his case.

Before trial, Mosley filed several more *pro se* motions to dismiss counsel and to represent himself. At a pretrial conference on October 22, 2008, the magistrate judge stated that he was denying Mosley's motions to represent himself, and that Mosley could appeal the decision to the trial judge when his trial occurred. In a subsequent written order denying Mosley's motions to proceed *pro se*, the magistrate judge again explained that "[e]ach time the Court has attempted to engage the

defendant in a discussion of his ability to represent himself, the defendant has been completely unresponsive to the Court." R. Doc. 70. In November 2008, Mosley sought review in this court of the denial of his motions to proceed *pro se*, but we dismissed the premature appeal for lack of jurisdiction.

At his trial, Mosley asserted his right to proceed *pro se*, saying he was appealing the decision of the magistrate judge. Although the district court did not state expressly on the record that Mosley's motion was denied, the court never discharged appointed counsel, and Mosley was represented by counsel throughout the trial.

Mosley continued his disruptive behavior at trial. During *voir dire*, Mosley interrupted the discussion between the attorneys and the judge on several occasions. At trial, Mosley explained to the judge that the name on the indictment was not his, but was that of a corporation. Later, Mosley interrupted the proceedings and declared that his lawyer was being forced on his case.

The jury returned a verdict of guilty, and the court sentenced Mosley to a term of 180 months' imprisonment. Mosley appeals.

## II.

Mosley argues that the district court erred in denying his right to self-representation, asserting that because he "was determined to be competent for trial, he should have been allowed to represent himself." He also contends that the district court failed to explain the basis for its denial of his request to proceed *pro se*. We review the district court's decision *de novo*. *See United States v. Mahasin*, 442 F.3d 687, 691 (8th Cir. 2006).

The Sixth Amendment grants an accused the right to counsel, as well as the related right to waive counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806, 807 (1975). A defendant's right to self-representation, however, is not absolute, and self-representation can be disallowed or terminated when the defendant "engages in serious obstructionist misconduct." *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007); *see also Faretta*, 422 U.S. at 834 n.46 ("The right of self-representation is not a license to abuse the dignity of the courtroom."). A defendant is not entitled to use the right of self-representation "as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *United States v. Edelmann*, 458 F.3d 791, 808-09 (8th Cir. 2006) (internal quotation omitted). "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000). That a defendant is competent to stand trial does not mean that he is automatically entitled to represent himself. The inquiries are distinct. *See Godinez v. Moran*, 509 U.S. 389, 400-02 (1993).

Mosley argues that there is nothing in the record that explains why the court denied him the right to represent himself. Although the district court did not expressly articulate its reasons for denying Mosley's appeal of the magistrate's ruling, we are satisfied that the district court adopted the magistrate judge's reasoning. During trial, the district judge explained to Mosley that he had reviewed the proceedings before the magistrate judge, and stated that Mosley "wanted to talk . . . about everything but this case." R. Doc. 127, Tr. 7. The court warned Mosley that the court would "try this case," and that "we're not going to try the United States Constitution or all of that stuff." *Id*. We take the district court's statements as an adoption of the magistrate judge's conclusion that Mosley could not proceed *pro se* because he was unwilling to participate in the proceedings.

The reasoning of the magistrate judge, as adopted, was sufficient to support the court's decision on self-representation. In the order appointing counsel for Mosley,

the magistrate judge noted that good cause existed for a competency examination and stated: "Under this circumstance, the serious penalties defendant Mosley faces if convicted and his complete lack of any legal training or experience, the Court has concluded that it is not in the interests of justice nor in the interests of defendant Mosley to allow him to proceed *pro se*." R. Doc. 37. Later, at a competency hearing, the magistrate judge explained that it was not appropriate for Mosley to proceed *pro se* because either he did not understand the proceedings or he was not willing to participate in them. At that same hearing, the magistrate judge clarified that his decision was based on the fact that Mosley refused to respond to his questions and participate in the proceedings. The magistrate judge reiterated this rationale in an order denying Mosley's *pro se* motions to represent himself.

Mosley's obstreperous conduct provided sufficient grounds for the district court to terminate and disallow Mosley's self-representation. Mosley's behavior interfered with pretrial proceedings and delayed the trial. There was good cause to believe that Mosley would continue to disrupt the proceedings if the court permitted him to resume self-representation. The district court thus did not err by concluding that Mosley essentially forfeited his right to represent himself by engaging in conduct that obstructed the proceedings against him. *See Myers*, 503 F.3d at 681.

The judgment of the district court is affirmed.

_____

-6-