STATE of Minnesota, Appellant,

v.

Stacie Ann MILLER, Respondent.

No. A13–1689.

Court of Appeals of Minnesota.

June 30, 2014.

James D. Hoeft, Scott M. Lepak, Barna, Guzy & Steffen, Ltd., Minneapolis, MN, for appellant.

Mark D. Nyvold, Fridley, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; RODENBERG, Judge; and CHUTICH, Judge.

## OPINION

CHUTICH, Judge.

The State of Minnesota challenges the district court's decision to sua sponte vacate respondent Stacie Ann Miller's guilty plea to third-degree driving while impaired and to order the return of an administrative-costs fee, contending that no legal basis exists to support those actions. Because the district court erred in vacating Miller's plea without providing the parties with notice and an opportunity to be heard, and because the district court incorrectly applied the law-of-the-case doctrine, we reverse.

## FACTS

According to the complaint, on December 26, 2012, at approximately 1:22 a.m., Champlin police responded to a call about a driving complaint. Officer Paul Fieldseth located the car, which Miller was driving, and noticed that Miller did not signal two of her turns. While the officer followed, Miller continued driving, turning onto a residential street and then into a garage. Officer Fieldseth then walked up to the car. While speaking with Miller, he smelled the odor of alcoholic beverages and noticed that Miller's eyes were bloodshot and watery, her balance was poor, and her speech was slurred. Miller failed one of the field sobriety tests the officer gave her, and her preliminary breath test

showed a blood-alcohol concentration of .195.

As Officer Fieldseth attempted to arrest Miller, she pushed him away and kicked him. After warning her to cooperate, Officer Fieldseth tased Miller and transported her to the Champlin Police Department. Miller was read the implied-consent advisory and refused to submit to chemical testing.

On January 21, 2013, the state charged Miller with second-degree driving while impaired (test refusal), third-degree driving while impaired, and obstruction of legal process. *See* Minn.Stat. §§ 169A.25, subd. 1(b), .26, subd. 1(a), 609.50, subd. 1(2) (2012).

On April 23, 2013, Miller pleaded guilty to third-degree driving while impaired.[1] Miller agreed to a sentence of 365 days in jail, 335 days of which would be stayed for three years, conditioned on compliance with the terms of probation. The parties also agreed that Miller would pay the City of Champlin $750 in administrative costs in exchange for the city "drop[ping] [its] forfeiture action." The district court sentenced Miller according to the parties' agreement. The district court also noted that Miller was "doing [her] own implied consent [hearing]."

Nearly three months later, on July 12, 2013, on its own initiative, the district court issued an "order for case amendment," which vacated Miller's guilty plea and dismissed the case. The reason listed is a different judge's "decision in case # 27–CV–13–1395." A copy of the decision in the related implied-consent challenge is not in the record.

On August 27, 2013, the district court held a hearing to determine whether the $750 in administrative costs previously assessed as part of the plea agreement should be returned. The district court stated that, because the judge in Miller's civil implied-consent proceeding found that the police illegally arrested Miller, no evidence could be used against Miller in her criminal case. The district court "accept[ed]" the order in the implied-consent proceeding "as the law of the case" and held that the "plea negotiation in this case is now entirely voidable or void and further violates Defendant's constitutional rights." The district court ordered Champlin "to return the $750 in administrative costs" to Miller. The state now appeals.

## ISSUES

I. Did the district court err by vacating, on its own initiative, Miller's guilty plea and dismissing her conviction?

II. Did the district court err by applying law-of-the-case doctrine?

## ANALYSIS

### I. Sua Sponte Decision to Vacate Guilty Plea

The state asserts, Miller concedes, and we agree that the district court erroneously vacated Miller's guilty plea and conviction because it did not follow the correct procedures for postconviction relief or withdrawal of a guilty plea.

"The authority of a court to *sua sponte* vacate a guilty plea and conviction is a question of law, which is reviewed de novo." *State v. Spraggins*, 742 N.W.2d 1, 3 (Minn.App.2007). "As a judicial overseer rather than party to the contract, the dis-

---

1. The record does not specify whether Miller was charged and convicted of driving under the influence of alcohol or driving with an alcohol concentration of .08 or more within two hours. *See* Minn.Stat. § 169A.20, subd. 1(1), (5) (2012).

trict court's role is limited to an administrative capacity after the acceptance of the plea agreement." *Id.* at 4.

 "[O]nce the plea is accepted and a judgment of conviction is entered upon it, the general policy favoring the finality of judgments applies to some extent, at least, in criminal as well as in civil cases." *Chapman v. State*, 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968). A conviction occurs when the district court (1) accepts a defendant's guilty plea and (2) adjudicates the defendant guilty on the record. *State v. Martinez–Mendoza*, 804 N.W.2d 1, 6 (Minn.2011). Jeopardy attaches after the district court accepts a guilty plea and adjudicates the defendant guilty. *Id.*

 Generally, a district court may not sua sponte vacate a guilty plea over the defendant's objection. *Spraggins*, 742 N.W.2d at 5. "Because of the presumption of finality, the setting aside of a plea should be done only for substantial and compelling reasons and after notice and the opportunity for briefing and hearing by all the parties." *Id.* A defendant who wishes to overturn a guilty plea may file a petition for postconviction relief under Minnesota Statutes section 590.01 (2012), move to withdraw the plea under Rule 15.05 of the Minnesota Rules of Criminal Procedure, or seek withdrawal on a direct appeal from the judgment of conviction. *See* Minn. R.Crim. P. 28.02, subd. 2; *State v. Anyanwu*, 681 N.W.2d 411, 413 (Minn. App.2004).

Miller did not file a postconviction petition or move to withdraw her guilty plea, and she did not directly appeal her judgment of conviction. Instead, the district court decided on its own initiative, without hearing from either party, to vacate Miller's plea and to order the city to return the $750 in administrative costs. While Miller did not object to this decision, the state opposed it.

In *Spraggins*, we reversed a district court's decision to sua sponte vacate the defendant's guilty plea over the defendant's objection. 742 N.W.2d at 7. Spraggins had filed for postconviction relief, arguing that his sentence was unconstitutional. *Id.* at 2. The district court sua sponte withdrew his guilty plea over his objection. *Id.* On appeal, we considered, for the first time, "whether a district court may revoke plea agreements on its own initiative." *Id.* at 4. We held that the district court erred because Spraggins never complained that his original guilty plea was invalid or that it must be withdrawn to correct a manifest injustice; "he [did] not seek restoration of those constitutional rights that he relinquished in consideration of the plea agreement"; and "whether a sentence modification changes such an integral part of the plea 'contract' that the conviction itself should also be overturned ... is a question that demands full participation by the parties and careful consideration by the district court." *Id.* at 5–6. A sentencing challenge "must be considered on the merits without the risk of the revocation of an otherwise-valid guilty plea absent the consent of the defendant." *Id.* at 6. We reversed and remanded for the district court to consider Spraggins' postconviction petition. *Id.* at 7.

This case differs from *Spraggins* because Miller did not file for postconviction relief to challenge her sentence or object to the district court's decision to vacate her plea. Nevertheless, we hold that the rule set forth in *Spraggins* applies here: a guilty plea should be set aside "only for substantial and compelling reasons and after notice and the opportunity for briefing and hearing by all the parties." *See id.* at 5.

Neither party had a chance to brief or be heard about whether to vacate the plea. The district court issued its sua sponte decision to vacate the plea in July 2013, three months after the conviction was entered and without notice to either party. At the hearing that followed in August 2013, the district court stated that the hearing was solely to learn why Miller had paid $750 to the city; the purpose was not for the parties to present arguments on the decision to vacate the guilty plea. When the attorney for the City of Champlin attempted to make a record to object to the district court's dismissal, the district court abruptly interrupted him saying, "I don't care what you think." The August 2013 order appears to have been signed the day *before* the hearing, which suggests that the parties did not have a meaningful opportunity to be heard, even on the administrative-cost issue.

In sum, the district court erred when it sua sponte vacated Miller's guilty plea without notice and the opportunity to be heard by the parties. *See id.*

## II. Law–of–the–Case Doctrine

■ In addition, "substantial and compelling reasons" do not support the district court's decision to vacate Miller's guilty plea because law-of-the-case doctrine is inapplicable in this criminal driving-while-impaired (DWI) case. Nor did the district court provide any other reasons for vacating the plea.

■ Law-of-the-case doctrine "commonly applies to issues decided in earlier stages of the same case." *In re Welfare of M.D.O.*, 462 N.W.2d 370, 375 (Minn.1990). "The doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the *same issues* in subsequent stages in the *same case.*'" *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)). Law-of-the-case doc-trine "is limited to the *same case* and to only the issue previously decided and is not intended to be carried into other cases as a precedent." *State v. Larose*, 673 N.W.2d 157, 162 (Minn.App.2003) (quotation omitted), *review denied* (Minn. Aug. 17, 2004).

■ Criminal DWI proceedings and civil implied-consent proceedings are separate proceedings in separate cases. In an implied-consent proceeding, the parties before the district court are the defendant and the Commissioner of Public Safety, the scope of the hearing is limited to ten issues, and the Minnesota Rules of Civil Procedure govern. *See* Minn.Stat. § 169A.53, subds. 2(d), 3(b) (2012). In a criminal DWI proceeding, the parties are the defendant and the state, the Minnesota Rules of Criminal Procedure apply, and the state is held to a higher burden of proof. *See State v. Lemmer*, 736 N.W.2d 650, 655 (Minn.2007). In addition, Minnesota law expressly recognizes that determinations in civil implied-consent hearings "shall not give rise to an estoppel on any issues arising from the same set of circumstances in any criminal prosecution." Minn.Stat. § 169A.53, subd. 3(g) (2012).

■ Here, the district court erroneously applied the law-of-the-case doctrine. The litigation of the constitutionality of the stop was not an issue decided in an earlier stage of Miller's criminal DWI proceeding—it was litigated later during a separate case, Miller's implied-consent proceeding. Law-of-the-case doctrine and Minnesota law do not permit the district court to apply the implied-consent decision to Miller's criminal case. *See M.D.O.*, 462 N.W.2d at 376 (holding that district court's order in defendant's criminal case did not become law of the case in child-protection matter where defendant was the parent); *see also* Minn.Stat. § 169A.53, subd. 3(g).

Moreover, a guilty plea by a counseled defendant typically waives all non-jurisdictional defects. *State v. Ford*, 397 N.W.2d 875, 878 (Minn.1986).

Accordingly, we reverse the district court's decision. We agree with the state that Miller is not prohibited from initiating postconviction proceedings or moving to withdraw her plea under the proper procedures set forth in the Minnesota Rules of Criminal Procedure and Minnesota law. *See* Minn.Stat. § 590.01; Minn. R.Crim. P. 15.05; *see also State v. Farnsworth*, 738 N.W.2d 364, 371–72 (Minn.2007) ("[W]hile the entry of a guilty plea may waive the defendant's right to appeal any underlying constitutional defects, it does not eliminate the defendant's right to *withdraw* his or her guilty plea....").

## DECISION

Because the district court did not provide the parties an opportunity to be heard and did not provide substantial and compelling reasons for its decision, the sua sponte vacation of Miller's guilty plea and the dismissal of her conviction were improper. The district court erroneously concluded that, under law-of-the-case doctrine, the determination from the implied-consent proceeding governs this criminal DWI case.

**Reversed.**