C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

**STATE of Minnesota, Respondent,**

v.

**Lloyd ANDERSON, Appellant.**

**No. C4–83–1053.**

Supreme Court of Minnesota.

March 23, 1984.

AMDAHL, Chief Justice.

This is an appeal from sentences imposed in district court.

Defendant, aided by two accomplices, broke into a bar in North Mankato early on March 22, 1983, and began removing money from cigarette machines, juke boxes, and coin-operated games. The police caught all three men in the act.

Defendant was charged in a three-count complaint with burglary with a tool (Count I), criminal damage to property for causing approximately $1,200 in damage to the coin-operated machines, which were owned by two different companies (Count II), and criminal damage to property for causing

approximately $600 in damages to the doors when entering the bar (Count III).

Defendant pleaded guilty to Counts I and II in return for the dismissal of Count III. The sentencing worksheet prepared at the time of sentencing gave defendant a criminal history score of six, based on one custody status point, one juvenile point, and four felony points for four prior burglary convictions. The worksheet listed the burglary offense as a severity level IV offense and the criminal damage to property offense as a severity level II offense. The Guidelines called for concurrent executed sentences of 41 (37–45) months for the burglary and 27 (25–29) months for the criminal damage to property. The trial court judge sentenced defendant to an executed term of 45 months for the burglary. He incorrectly computed the sentence for the offense of criminal damage to property as if it were a severity level III offense, which yielded a presumptive sentence of 32 (30–34) months executed. He imposed the sentence of 34 months for the offense but stayed execution of it and placed defendant on 5 years of deferred probation, to commence after his release from prison, with the probation conditioned on defendant's making restitution for the damages covered by Count II. He filed a departure report stating:

> Defendant entered a plea to Burglary and Criminal Damage to Property arising out of the same occurrence. The law provides that Defendant may be sentenced separately. Based on a criminal history score of six (6) the presumptive sentence was that sentence be executed on both charges. In this incident and from prior convictions for which Defendant is on probation there was a loss to victims which would necessitate restitution. This can only be accomplished in a probationary status. Therefore, the Court departed on the Criminal Damage to Property by staying execution of that sentence for 34 months, (the presumptive duration), and placed Defendant on probation, which probation shall commence upon Defendant's release from incarceration on the Burglary charge. The Departure is somewhat of a paradox; since in

theory it is more lenient; however, in practice it is more severe; i.e., the guidelines call for incarceration, but the sentence should be served concurrently with the Burglary. If restitution to the victims is a significant concern in our criminal justice system, and I believe it is, then the departure adopted by this Court is appropriate, even though not specifically mentioned in the sentencing guidelines.

Thereafter defendant moved for resentencing, claiming that the worksheet erred in giving him a juvenile point. At the hearing held on the motion, the prosecutor, defense counsel, and the court agreed that the worksheet was in error. The disagreement focused primarily on whether, if the court used the *Hernandez* method of computing criminal history points for two current offenses sentenced on the same day, the court had to sentence for the burglary first or second. The court deferred ruling on the issue, asking the attorneys to brief the issue and scheduling another hearing.

At the reopened hearing, the court said that the briefs had not been helpful but that he was prepared to sentence defendant. He also indicated that in studying the matter he had discovered that he earlier had erred in concluding that the offense of criminal damage to property was a severity level III offense. He then proceeded to state that he felt that in using the *Hernandez* method he was not required to sentence defendant for the burglary first. Using the *Hernandez* method in this way, he obtained a criminal history score of five for the offense of criminal damage to property (one custody status point and four felony points based on the four prior burglary convictions) and he obtained a criminal history score of six for the current burglary offense (adding a felony point for the conviction of criminal damage to property to the other five points). This yielded presumptive sentences of 23 months stayed for the offense of criminal damage to property and 41 (37–45) months executed for the offense of burglary. He imposed a sentence of 23 months for the offense of criminal damage to property but stayed

execution of it and placed defendant on 5 years of deferred probation, with probation conditioned on defendant's making restitution for the damages covered by Count II. He then imposed an executed sentence of 45 months for the burglary.

One of defendant's contentions is that the use of consecutive sentencing by the court constituted a departure. The state in its brief concedes this, and the court was aware that it was a departure. The court tried to justify the departure on the ground that it was the only way that it could order defendant to make restitution. That, however, is not the sort of offense-related factor that would justify a departure as to consecutive service. The state does not even try to justify the use of consecutive sentencing in its brief. Beyond this, even if consecutive sentencing otherwise would have been justified, it could not have been used in connection with the use of the *Hernandez* rule. *State v. Moore*, 340 N.W.2d 671 (Minn.1983).

The main issue, therefore, is whether the court, in using the *Hernandez* rule, was required, as defendant contends, to sentence defendant for the burglary first rather than second. If defendant is correct, then the maximum sentence that the court could have imposed was 34 months, not 45 months, because the criminal history score applicable to burglary would have been five, not six. Defendant relies primarily on Minnesota Sentencing Guidelines and Commentary, II.B.101. (1982), which indicates that in using the *Hernandez* method the trial court should sentence the defendant in the order the offenses occurred. Defendant argues that the burglary occurred first since the burglary charged in this case was based on a claim of illegally entering (not unlawfully remaining in) the building and that this offense necessarily occurred and was completed before defendant did the damage that formed the basis of the conviction of criminal damage to property. We agree and hold accordingly that the correct maximum sentence for the burglary is 34 months.

This being so, defendant's sentences should be modified to concurrent sentences of 34 months executed and 23 months stayed, with defendant being granted his request to refuse probation with respect to the 23-month term and receive credit against it for time already served in prison. *State v. Ott*, 341 N.W.2d 883 (Minn.1984).

Affirmed as modified.