**STATE of Minnesota, Respondent,**

v.

**David Paul JOHNSON, Appellant.**

**No. A08–1112.**

Court of Appeals of Minnesota.

Aug. 18, 2009.

Lori Swanson, Attorney General, St. Paul, MN, and Patrick J. Ciliberto, Scott County Attorney, Michael J. Groh, Assistant County Attorney, Shakopee, MN, for respondent.

Marie L. Wolf, Interim Chief Appellate Public Defender, Cathryn Y. Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by STAUBER, Presiding Judge; TOUSSAINT, Chief Judge; and BJORKMAN, Judge.

## OPINION

TOUSSAINT, Chief Judge.

The district court, using a criminal history score of eight, sentenced appellant David Paul Johnson to a 75–month stayed felony driving-while-impaired sentence consecutive to his one-year gross-misdemeanor sentence. Appellant challenges that sentence. Because we conclude that the consecutive sentence was authorized by Minn.Stat. § 169A.28, subd. 3 (2002), and that Minn. Sent. Guidelines II.F requires a criminal history score of zero to be used in calculating the duration of appellant's felony sentence, we reverse and remand.

## FACTS

On June 17, 2004, appellant, whose license had been cancelled as inimical to public safety, was stopped while driving. He failed some field sobriety tests and refused to submit to chemical testing. He was subsequently charged with and pled guilty to gross-misdemeanor driving after cancellation in violation of Minn.Stat. § 171.24, subd. 5 (2002), and felony first-degree driving while impaired (DWI) in violation of Minn.Stat. §§ 169A.20, subd. 2, 169A.24 (2002).

His presentence investigation revealed a criminal history score of eight. The parties agreed that appellant would be sentenced first for the gross misdemeanor, then for the felony. For the gross misdemeanor, he was sentenced to one year in jail; for the felony, he was sentenced to a consecutive 102 months, stayed for seven years, a departure from the presumptive guideline sentence of 75 months. *See* Minn. Sent. Guidelines IV (Supp.2003).

Appellant moved the district court for postconviction relief. The district court decreased the sentence to the presumptive 75 months, based on a criminal history score of eight.

## ISSUE

Does Minn. Sent. Guidelines II.F mandate using a criminal history score of zero to calculate the duration of a consecutive felony sentence imposed under Minn.Stat. § 169A.28, subd. 3 (2008)?

## ANALYSIS

 This court may review a "sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2008). Statutory construction and interpretation of the sentencing guidelines are subject to de novo review. *State v. Zeimet*, 696 N.W.2d 791, 793 (Minn.2005). "The object of statutory interpretation is to determine and effectuate legislative intent," and "[t]he ambit of an ambiguous criminal law should be construed narrowly according to the rule of lenity." *Id.*

The district court sentenced appellant first for the gross-misdemeanor violation of Minn.Stat. § 171.24, subd. 5, and then for the felony violation of Minn.Stat. §§ 169A.20, subd. 2, 169A.24. Permissive consecutive sentencing is authorized by statute.

> The court may order that the sentence imposed for a violation of section 169A.20 (driving while impaired) run consecutively to a previously imposed misdemeanor, gross misdemeanor, or felony sentence for a violation other than section 169A.20.

Minn.Stat. § 169A.28, subd. 3 (2002).[1] When he was sentenced for the violation of

---

1. Minn.Stat. § 169A.28, subd. 3 (2002), is identical to Minn.Stat. § 169A.28, subd. 3 (2008).

Minn.Stat. § 169A.20, appellant had "a previously imposed ... gross misdemeanor ... sentence for a violation other than section 169A.20."[2] Thus, consecutive sentencing is permissive.

Appellant argues that a criminal history score of zero should have been used to calculate the duration of his felony sentence. He relies on Minn. Sent. Guidelines II.F: "For each offense sentenced consecutive to another offense(s), other than those that are presumptive a zero criminal history score, or the mandatory minimum for the offense, whichever is greater, shall be used in determining the presumptive duration." Appellant's consecutive sentence was permissive, not presumptive.

Respondent State of Minnesota argues that this language pertains only to the six permissive-consecutive-sentence situations set out in Minn. Sent. Guidelines II.F because that section also provides: "Except when consecutive sentences are presumptive, consecutive sentences are permissive (may be given without departure) only in the following cases...." Appellant's case is not among those listed.

But respondent offers no legal support for its argument, and nothing in Minn. Sent. Guidelines II.F supports the inference that the requirement of using a criminal history score of zero to calculate a consecutive sentence applies only to permissive consecutive sentences authorized by the guidelines and not to those authorized by statute.[3] We conclude that the district court erred by using a criminal history score of eight instead of zero to calculate the duration of appellant's consecutive sentence.[4]

## DECISION

The requirement of Minn. Sent. Guidelines II.F that the duration of a permissive consecutive sentence be determined using a criminal history score of zero applies to permissive consecutive sentences imposed under Minn.Stat. § 169A.28, subd. 3. We reverse and remand for resentencing using a criminal history score of zero.

**Reversed and remanded.**

2. Respondent argues that appellant's consecutive sentence was authorized by Minn.Stat. § 169A.28, subd. 2(e) (2002). But that subdivision "applies to [certain] misdemeanor and gross misdemeanor violations of ... section 169A.20, subdivision 2 ... [and] section 171.24...." Appellant was being sentenced for the *felony* violation of Minn.Stat. § 169A.20, subd. 2 and had already been sentenced for the gross misdemeanor violation of section 171.24. Respondent's argument is unpersuasive.

3. We recognize that Minn. Sent. Guidelines II.F arguably conflicts with Minn.Stat. § 169A.28, subd. 3, by providing that "consecutive sentences are permissive ... *only* in the following cases" and not listing the case covered by Minn.Stat. § 169A.28, subd. 3.

(Emphasis added.) But Minn.Stat. § 169A.28, subd. 3 is the more specific statute and therefore prevails to the extent that a conflict exists. *See* Minn.Stat. § 645.26, subd. 1 (2008) (stating that if general provision in law is irreconcilable with special provision in another law, "special provision shall prevail and shall be construed as an exception to the general provision").

4. Because we reach this conclusion, we do not address appellant's argument that he is entitled to have his sentence reduced out of concern for fairness under *State v. Perkins*, 554 N.W.2d 80 (Minn.1996). Moreover, appellant raises the fairness issue for the first time on appeal. We generally do not consider matters not argued to and considered by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996).