**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1086**

State of Minnesota,
Respondent,

vs.

Theodore Pierre Jerry,
Appellant.

**Filed May 26, 2015**
**Reversed and remanded**
**Stauber, Judge**
**Concurring in part and dissenting in part, Schellhas, Judge**

Hennepin County District Court
File No. 27CR133541

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate State Public Defender, Rochelle R. Winn, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Stauber, Judge.

**S Y L L A B U S**

I.      When imposing consecutive sentences, the district court must sentence the offenses in the order in which they occurred.

II.      Because the offense of burglary is defined in terms of entry and is complete upon entry, it necessarily occurs before a crime committed in the building and, therefore, must be sentenced first in compliance with the sentencing guidelines.

**STAUBER**, Judge

On appeal from his convictions of and consecutive sentences for first-degree burglary and third-degree criminal sexual conduct, appellant argues that the district court erred as a matter of law by sentencing him for criminal sexual conduct first and burglary second because the burglary offense occurred first. We reverse and remand for resentencing.

**FACTS**

In February 2013, appellant Theodore Pierre Jerry was charged with first-degree burglary and third-degree criminal sexual conduct. Following a bench trial, the district court found that in the early morning hours of January 1, 2013, appellant entered S.E.'s home without her permission, "grabbed S.E. by her forearms[,] and used force to push her up against the bedroom wall," causing her to feel "afraid and helpless." The court also found that appellant then inserted his tongue and his penis into S.E.'s vagina without her consent. Thus, the district court found appellant guilty of the charged offenses.

A presentence investigation report was completed in which the probation agent recommended that appellant be sentenced to the "maximum [sentence] allowed by the [s]entencing [g]uidelines." Based on this recommendation, appellant, who has a criminal history score of six, would be sentenced consecutively for first-degree burglary first—a 129-month commit—and for third-degree criminal sexual conduct second—a 57-month commit—for a total sentence of 186 months. At sentencing, however, the state argued that because the burglary charge was "predicated" on the criminal-sexual-conduct charge,

appellant should be sentenced on the criminal-sexual-conduct conviction first, and the burglary conviction second. Thus, the state requested that appellant receive a presumptive 180-month sentence for the criminal-sexual-conduct conviction, and a consecutive 57-month sentence for the burglary conviction, for a total sentence of 237 months. Appellant objected to the state's request, arguing that he should be sentenced consistently with the recommendation of the probation agent.

Relying on the state's sentencing memorandum, the district court found that because appellant's "'burglary conviction was predicated or conditioned upon his completion of the criminal sexual conduct, the later conviction should be sentenced first.'" Therefore, the district court sentenced appellant to 180 months for the criminal sexual conduct and a consecutive term of 57 months for the burglary, for an aggregate sentence of 237 months. This appeal followed.

## ISSUE

Did the district court err by sentencing appellant for criminal sexual conduct first and burglary second?

## ANALYSIS

This court may review a "sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2014). "Statutory construction and interpretation of the sentencing guidelines are subject to de novo review." *State v. Johnson*, 770 N.W.2d 564, 565 (Minn. App. 2009).

Generally, sentences imposed for multiple offenses committed in a single behavioral incident are presumptively concurrent. *State v. Crocker*, 409 N.W.2d 840, 845 (Minn. 1987). But under section 609.035, subdivision 6, this presumption does not apply when, as here, one of the sentences is for criminal sexual conduct involving force or violence. *See* Minn. Stat. § 609.035, subd. 6 (2012); *see also* Minn. Stat. § 609.585 (2012) ("Notwithstanding section 609.04, a prosecution for or conviction of the crime of burglary is not a bar to conviction of or punishment for any other crime committed on entering or while in the building entered."). And the sentencing guidelines are consistent with this statute, providing that consecutive sentences are always permissive when sentencing for "Criminal Sexual Conduct in the First through Fourth Degrees with force or violence." Minn. Sent. Guidelines 2.F.2.a(2)(iii) (2012). The sentencing guidelines further provide that "[w]hen the court imposes consecutive sentences, the court must sentence the offenses in the order in which they occurred." *Id.* 2.F. (2012); *State v. Williams*, 771 N.W.2d 514, 522 (Minn. 2009) (stating that multiple offenses are sentenced in the order in which they occurred).

The parties here do not dispute that consecutive sentencing was permissive and not erroneous. But appellant argues that the district court "erred as a matter of law by sentencing [him] for criminal sexual conduct first and burglary second" when the burglary occurred prior to the criminal sexual conduct. We agree.

Appellant was charged with first-degree burglary under Minn. Stat. § 609.582, subd. 1 (2012). This statute provides:

4

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:
>
> . . . .
>
> (c) the burglar assaults a person within the building or on the building's appurtenant property.

*Id.*

The state argues that because appellant was convicted of first-degree burglary under section 609.582, subdivision 1(c), "the appropriate order of sentencing was to sentence the third-degree criminal sexual conduct first and then sentence on the first-degree burglary." The state reasons that "the burglary charge in this case was predicated on the criminal sexual conduct charge so . . . in the charging clause . . . the burglary required the Court to find that an assault had occurred, and the only assault that was alleged in connection with the case was the criminal sexual conduct charge."

The state's argument is founded on a misinterpretation of the statute. Generally, "the crime of burglary is defined in terms of entry, and is complete upon entry." *State v. Hendrickson*, 528 N.W.2d 263, 266 (Minn. App. 1995), *review denied* (Minn. Apr. 27, 1995). This is consistent with the plain language of the statute, which states that "[w]hoever *enters* a building without consent *and with intent to commit a crime*, or enters a building without consent and commits a crime while in the building . . . commits burglary . . . ." Minn. Stat. § 609.582, subd. 1 (emphasis added). This language defines the offense of burglary. The remaining language of the statute, including subdivision

5

1(c), which requires that an assault be committed, determines the sentence. *See id.*, subd.1(c). Thus, the burglary was complete as soon as appellant entered S.E.'s apartment with intent to commit the sexual assault. *See State v. Nelson*, 363 N.W.2d 81, 83 (Minn. App. 1985) (holding that merely stepping through a window onto a desk and then exiting upon hearing an alarm was sufficient to sustain a burglary conviction because the burglary offense was complete upon non-consensual entry of the defendant's body into the premises with intent to commit a crime). The fact that appellant committed a sexual assault in the building allows him to be "sentenced to imprisonment for not more than 20 years or to a payment of a fine of not more than $35,000, or both." *See* Minn. Stat. § 609.582, subd. 1. Therefore, a burglary was completed before the sexual assault occurred, and appellant should have been sentenced for the burglary first and the third-degree criminal sexual conduct second.

Moreover, even if the burglary offense was not completed until an assault was committed, we note that the unique circumstances of this case, where the district court specifically found facts that support a conclusion that an assault was committed before the sexual assault occurred, require us to hold that the burglary was complete before the sexual assault was complete. The burglary offense under which appellant was convicted requires that an *assault* occur, not a *sexual assault*. *See* Minn. Stat. § 609.582, subd. 1(c). And it is immaterial whether an assault was charged; only that facts were specifically found, and supported by the record, that an assault occurred. *See* Minn. Stat. § 244.11, subd. 2(b) (stating that his court may review a sentence imposed to determine whether the sentence is "not warranted by the findings of fact issued by the district court").

6

An individual commits an assault if he:  (1) commits an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflicts or attempts to inflict bodily harm upon another."  Minn. Stat. § 609.224, subd. 1 (2012).  Here, the district court specifically found that after appellant entered S.E.'s house, but before he penetrated S.E.'s vagina, appellant "grabbed S.E. by her forearms and used force to push her up against the bedroom wall" causing S.E. to feel "afraid and helpless."  By using force, which caused S.E. to feel afraid, appellant committed an assault.  *See* Minn. Stat. § 609.224, subd. 1.  Thus, consistent with the district court's findings, once appellant entered S.E.'s house and committed the assault, the burglary offense was complete because appellant satisfied the elements of the first-degree burglary offense under section 609.582, subdivision 1(c).  *See State v. McDonald*, 346 N.W.2d 351, 352 (Minn. 1984) (upholding defendant's burglary conviction "on the ground that the burglary was *complete once* [the] defendant exceeded the scope of the consent given him and other members of the public and entered the storage room with intent to gain access to the locked pharmacy from there." (Emphasis added.)); *see also Nelson*, 363 N.W.2d at 83.

Our decision is also supported by *State v. Anderson*, 345 N.W.2d 764 (Minn. 1984).  In that case, the defendant pleaded guilty to burglary and criminal damage to property, and the district court sentenced him consecutively, first for the criminal damage to property and second for the burglary.  *Id.* at 765-66.  On appeal, the defendant argued that the offenses should be sentenced "in the order the offenses occurred."  *Id.* at 766. The defendant then argued that burglary should be sentenced first because "the burglary occurred first since the burglary charge in this case was based on a claim of illegally

entering (not unlawfully remaining in) the building and that this offense necessarily occurred and was completed before defendant did the damage that formed the basis of the conviction of criminal damage to property." *Id.* The supreme court agreed and modified the defendant's sentence. *Id.*

We conclude that, consistent with *Anderson*, the burglary offense occurred before the third-degree criminal-sexual conduct offense because, before appellant sexually assaulted S.E., he committed first-degree burglary under section 609.582, subdivision 1(c), by entering S.E.'s house and committing an assault. Accordingly, the district court erred by sentencing appellant on the criminal sexual conduct offense before the burglary offense, and we remand for proceedings not inconsistent with this opinion.

## D E C I S I O N

Because burglary is defined in terms of entry and is complete upon entry, appellant committed the offense of first-degree burglary under Minn. Stat. § 609.582, subd. 1(c), before the third-degree criminal-sexual-conduct offense. Therefore, appellant should have been sentenced for first-degree burglary first and third-degree criminal sexual conduct second.

**Reversed and remanded.**

**SCHELLHAS**, Judge (concurring in part, dissenting in part)

I concur with the majority's syllabus point that, when imposing consecutive sentences, the district court must sentence the offenses in the order in which they occurred. I respectfully disagree that the district court erred by sentencing appellant for criminal sexual conduct first and first-degree burglary second.

"An offense is defined by its elements." *State v. Patterson*, 796 N.W.2d 516, 532 (Minn. App. 2011), *aff'd*, 812 N.W.2d 106 (Minn. 2012). The state charged appellant with first-degree burglary under Minn. Stat. § 609.582, subd. 1(c) (2012). The elements of that offense are that the defendant (1) entered a building without consent, and (2) committed an assault while in the building. *See* Minn. Stat. § 609.582, subd. 1(c). The defendant "[e]nters a building without consent" by "enter[ing] a building without the consent of the person in lawful possession," or by "remain[ing] within a building without the consent of the person in lawful possession." Minn. Stat. § 609.581, subds. 4(a), 4(c) (2012); *see also State v. Crockson*, 854 N.W.2d 244, 247 (Minn. App. 2014) (citing Minn. Stat. § 609.581, subd. 4(a), (c), and noting that "'[w]ithout consent' means either entering or remaining in a building 'without the consent of the person in lawful possession'"), *review denied* (Minn. Dec. 16, 2014); *State v. Totimeh*, 433 N.W.2d 921, 924 (Minn. App. 1988) (concluding that state met its burden to prove that appellant entered house without consent when he failed to comply when told to leave, thereby violating section 609.581, subdivision 4(c)), *review denied* (Minn. Feb. 22, 1989).

Here, at sentencing, the district court noted that appellant did not leave S.E.'s home until after he committed criminal sexual conduct against her while he remained

within her home without her consent. Applying a de novo standard of review, the majority concludes that the district court erred as a matter of law by sentencing appellant for the predicate offense of criminal sexual conduct first and first-degree burglary second. The majority reasons that "the burglary was complete as soon as appellant entered S.E.'s apartment with intent to commit the sexual assault" and therefore the burglary was completed before the sexual assault occurred.

At sentencing, the district court incorporated by reference language from the state's sentencing memorandum, stating as follows:

> Since [appellant]'s burglary conviction was predicated or conditioned upon his completion of the criminal sexual conduct, the later conviction should be sentenced first. The elements of the criminal sexual conduct offense simply require a defendant to non-consensually sexually penetrate a victim through force or coercion.

> The [appellant] met every element of the criminal sexual conduct charge after he sexually penetrated the victim. However, *the [appellant] did not meet every element of the burglary charge until after the criminal sexual conduct elements were met. This is because the burglary in the first degree is conditioned on a defendant's commission of another crime while inside a victim's home without that person's consent.*

> . . . .

> While both offenses were, in essence, simultaneous, it is important to understand that the conduct here underlying the [appellant]'s criminal sexual conduct conviction was completed before and as a necessary part of the elements of this burglary conviction. The current iteration of the Minnesota Sentencing Guidelines does not address the order in which to sentence simultaneous offenses, when the completion of one offense depends upon the completion of another predicate offense; hence we have State law and cases

C/D-2

> that—or cases that describe how the Court is—what direction
> the Court should take in situations like this.

(Emphasis added.) The district court noted that "[appellant] didn't leave the house until after he was done. He's still in her premises without her permission."

I would apply an abuse-of-discretion standard in reviewing the district court's sentence. *See State v. Soto*, 855 N.W.2d 303, 307−08 (Minn. 2014) ("We afford the trial court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." (quotation omitted)). I agree with the district court that appellant did not complete the commission of first-degree burglary until he committed the charged predicate offense of criminal sexual conduct.

The majority states that

> even if the burglary offense was not completed until an assault was committed, we note that the unique circumstances of this case, where the district court specifically found facts that support a conclusion that an assault was committed before the sexual assault occurred, require us to hold that the burglary was complete before the sexual assault was complete.

I disagree. First, the state did not charge appellant with the assault that the district court found occurred when appellant grabbed S.E.'s forearms and pushed her up against the bedroom wall. Second, the state did not designate the assault as the predicate offense for the first-degree burglary charge. Third, even if appellant committed first-degree burglary when he physically assaulted S.E., the state predicated the first-degree burglary charge on appellant's commission of criminal sexual conduct. Fourth, when appellant sexually assaulted S.E., he remained in her home without her consent and therefore continued to commit burglary during his commission of the predicate offense.

I disagree with the majority's reliance on *State v. Anderson*, 345 N.W.2d 764 (Minn. 1984). The *Anderson* court did not address the complete definition of "enters a building without consent" under section 609.581, subdivision 4. Rather, the supreme court agreed with the defendant that "the burglary charged in th[e] case was based on a claim of illegally entering (not unlawfully remaining in) the building." *Anderson*, 345 N.W.2d at 766. In this case, I would conclude that the district court did not abuse its broad discretion in sentencing appellant for criminal sexual conduct first and for first-degree burglary second. I would affirm appellant's sentence.