SCHELLHAS, Judge
(concurring in part, dissenting in.part).
I concur with the majority’s syllabus point that, when imposing consecutive sentences, the district court must sentence the offenses in the order in which they occurred. I respectfully disagree that the district court erred by sentencing appellant for criminal sexual conduct first and first-degree burglary second.
“An offense is defined by its elements.” State v. Patterson, 796 N.W.2d 516, 532 (Minn.App.2011), affd, 812 N.W.2d 106 (Minn.2012). The state charged appellant with first-degree burglary under Minn. Stat. § 609.582, subd. 1(c) (2012). The elements of that offense are that the defendant (1) entered a building without consent, and (2) committed an assault while in the building. See Minn.Stat. § 609.582, subd. 1(c). The defendant “[ejnters a building without consent” by “entering] a building without the consent of the person in lawful possession,” or by “remaining] within a building without the consent of the person in lawful possession.” Minn. Stat. § 609.581, subds. 4(a), 4(c) (2012); see also State v. Crockson, 854 N.W.2d 244, 247 (Minn.App.2014) (citing Minn.Stat. § 609.581, subd. 4(a), (c), and noting that “ ‘[without consent’ means either entering or remaining in a building ‘without the consent of the person in lawful possession’ ”), review denied (Minn. Dec. 16, 2014); State v. Totimeh, 433 N.W.2d 921, 924 (Minn.App.1988) (concluding that state met its burden to prove that appellant entered house without consent when he failed to comply when told to leave, thereby violating section 609.581, subdivision 4(c)), review denied (Minn. Feb. 22, 1989).
Here, at sentencing, the district court noted that appellant did not leave S.E.’s home until after he committed criminal sexual conduct against her while he remained within her home without her consent. Applying a de novo standard of review, the majority concludes that the district court erred as a matter of law by sentencing appellant for the predicate offense of criminal sexual conduct first and first-degree burglary second. The majority reasons that “the burglary was complete as soon as appellant entered S.E.’s apartment with intent to commit the sexual assault” and therefore the burglary was completed before the sexual assault occurred.
At sentencing, the district court incorporated by reference language from the state’s sentencing memorandum, stating as follows:
Since [appellant’s burglary conviction was predicated or conditioned upon his completion of the criminal sexual conduct, the later conviction should be sentenced first. The elements of the criminal sexual conduct offense simply require a defendant to non-consensually sexually penetrate a victim through force or coercion.
The [appellant] met every element of the criminal sexual conduct charge after he sexually penetrated the victim. However, the [appellant] did not meet every element of the burglary charge until after the cñminal sexual conduct elements were met. This is because the burglary in the first degree is conditioned on a defendant’s commission of another crime while' inside a victim’s home without that person’s consent.
[[Image here]]
While both offenses were, in essence, simultaneous, it is important to understand that the conduct here underlying the [appellant]’s criminal sexual conduct *371 conviction was completed before and as a necessary part of the elements of this burglary conviction. The current iteration of the Minnesota Sentencing Guidelines does not address the order in which to sentence simultaneous offenses, when the completion of one offense depends upon the completion of another predicate offense; hence we have State law and cases that — or cases that describe how the Court is — what direction the Court should take in situations like this.
(Emphasis added.) The district court noted that “[appellant] didn’t leave the house until after he was done. He’s still in her premises without her permission.”
I would apply an abuse-of-discretion standard in reviewing the district court’s sentence. See State v. Soto, 855 N.W.2d 303, 307-08 (Minn.2014) (“We afford the trial court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion.” (quotation omitted)). I agree with the district court that appellant did not complete the commission of first-degree burglary until he committed the charged predicate offense of criminal sexual conduct.
The majority states that
even if the burglary offense ■ was not completed until an assault was committed, we note that the unique circumstances of this case, where the district court specifically found facts that support a conclusion that an assault was committed before the sexual assault occurred, require us to hold that the burglary was complete before the sexual assault was complete.
I disagree. First, the state did not charge appellant with the assault that the district court found occurred when appellant grabbed S.E.’s forearms and pushed her up against the bedroom wall. Second, the state did not designate the assault as the predicate offense for the first-degree burglary charge. Third, even if appellant committed first-degree burglary when he physically assaulted S.E., the state predicated the first-degree burglary charge on appellant’s commission of criminal sexual conduct. Fourth, when appellant sexually assaulted S.E., he remained in her home without her consent and therefore continued to commit burglary during his commission of the predicate offense.
I disagree with the majority’s reliance on State v. Anderson, 345 N.W.2d 764 (Minn.1984). The Anderson court did not address the complete definition of “enters a building without consent” under section 609.581, subdivision 4. Rather, the supreme court agreed with the defendant that “the burglary charged in th[e] case was based on a claim of illegally entering (not unlawfully remaining in) the building.” Anderson, 345 N.W.2d at 766. In this case, I would conclude that the district court did not abuse its broad discretion in sentencing appellant for criminal sexual conduct first and for first-degree burglary second. I would affirm appellant’s sentence.