*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0006**

State of Minnesota,
Respondent,

vs.

Theodore Pierre Jerry,
Appellant.

**Filed August 29, 2016
Affirmed
Smith, Tracy M., Judge**

Hennepin County District Court
File No. 27-CR-13-3541

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik Irving Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and

Reilly, Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant Theodore Pierre Jerry appeals the district court's imposition of an upward

durational departure on his conviction of third-degree criminal sexual conduct to be served

consecutively to his sentence for first-degree burglary. Jerry contends that (1) the zone-of-privacy aggravating factor was a legally impermissible basis for the upward durational departure, (2) the district court could not impose an upward durational departure and consecutive sentence without finding two or more aggravating factors, (3) the district court was prohibited from imposing an upward durational departure on remand because of the law-of-the-case doctrine, and (4) the upward durational departure violates the prohibition against harsher sentences on remand. We affirm.

## FACTS

Following an incident on January 1, 2013, respondent State of Minnesota charged Jerry with first-degree burglary-assault and third-degree criminal sexual conduct committed with force or coercion. Jerry waived his right to a jury trial, and a bench trial was held on both charges. After the trial, the district court found that on the early morning of January 1, 2013, Jerry entered S.E.'s home without permission and that S.E. awoke at approximately 5:00 a.m. "to a man standing over her in her bedroom." The district court further found that Jerry "grabbed S.E. by her forearms and used force to push her up against the bedroom wall" before eventually forcing S.E. "back onto her bed" and inserting his tongue and penis into S.E.'s vagina without her consent. Consequently, the district court found Jerry guilty of first-degree burglary and third-degree criminal sexual conduct committed with force or violence.

Before trial, the state gave notice of its intent to seek an upward durational departure based on the offenses having been "committed in a location in which the victim had an expectation of privacy." Jerry waived his right to have a jury determine the existence of

2

aggravating factors in a *Blakely* trial. At the hearing on the aggravating-factor issue, the state argued that Jerry violated "the victim's zone of privacy" because he committed the crimes in S.E.'s home and bedroom. Jerry argued that the zone-of-privacy aggravating factor could not be considered because it was "within the element of the conviction for the burglary." The district court found that Jerry violated S.E.'s zone of privacy when he sexually assaulted her in her bedroom.

A presentence investigation was completed, and the report recommended that Jerry be sentenced to the "maximum [sentence] allowed by the [s]entencing [g]uidelines." The report recommended sentencing Jerry first to a 129-month sentence for the first-degree burglary and second to a 57-month consecutive sentence for the third-degree criminal sexual conduct, resulting in a total sentence of 186 months.

At the sentencing hearing, the state argued that the burglary "was predicated on the criminal sexual conduct charge" and that the district court therefore should sentence the third-degree criminal-sexual-conduct conviction first and the first-degree burglary conviction second. The state requested that Jerry receive a 180-month sentence for criminal sexual conduct and a 57-month consecutive sentence for first-degree burglary, a total of 237 months. The state also discussed the alternatives it had presented in its sentencing memorandum, including the possibility that the district court impose an upward durational departure on the criminal-sexual-conduct conviction based on the zone-of-privacy aggravating factor. Before announcing Jerry's sentence, the district court heard S.E.'s victim impact statement in which she stated that her "home, which should have been

my haven, no longer feels safe. When I go to bed at night, I suffer panic attacks and wake often during the night because I feel like I have someone standing over me."

The district court agreed with the state that the third-degree criminal sexual conduct "was completed before and as a necessary part" of the first-degree burglary conviction. The district court therefore sentenced Jerry first to 180 months for third-degree criminal sexual conduct and second to a 57-month consecutive sentence for first-degree burglary. The district court stated that it was not making an upward durational departure from the sentencing guidelines and was not considering the zone-of-privacy aggravating factor. But the district court observed that Jerry's conduct was "absolutely outrageous in this case."

Jerry appealed, arguing that the district court erred because it sentenced him in the wrong order. *State v. Jerry*, 864 N.W.2d 365, 368 (Minn. App. 2015), *review denied* (Minn. Sept. 15, 2015). We reversed and remanded, holding that Jerry "should have been sentenced for first-degree burglary first and third-degree criminal sexual conduct second." *Id.* at 369-70. We reasoned that the burglary was complete upon entry into S.E.'s home, and, even if the burglary was not complete until an assault occurred, Jerry committed another assault before he committed criminal sexual assault, thus completing the burglary. *Id.* at 368-69.

On remand, Jerry contended that the district court could not impose an upward durational departure because it did not depart when it first sentenced him. Jerry also contended that the district court could not base an upward durational departure on the zone-of-privacy aggravating factor because it was an element of his burglary conviction. The state contended that the district court did not foreclose an upward durational departure at

4

the first sentencing and that the district court could depart upward based on the previously found zone-of-privacy aggravating factor and was limited only by the aggregate 237-month term to which Jerry was initially sentenced.

The district court imposed a 129-month sentence for first-degree burglary (the top of the presumptive guidelines range) and a 96-month consecutive sentence for third-degree criminal sexual conduct (an upward durational departure), resulting in a total sentence of 225 months. The district court based the upward durational departure on the zone-of-privacy aggravating factor because the criminal sexual conduct occurred in S.E.'s bedroom.

Jerry appeals.

## DECISION

"We review a district court's decision to depart from the presumptive guidelines sentence for an abuse of discretion." *State v. Hicks*, 864 N.W.2d 153, 156 (Minn. 2015). We review de novo the legal question of whether a particular reason for an upward departure is permissible. *State v. Grampre*, 766 N.W.2d 347, 350 (Minn. App. 2009), *review denied* (Minn. Aug. 26, 2009). Interpreting the sentencing guidelines also presents an issue of law subject to de novo review. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009). "If the reasons given for an upward departure are legally permissible and factually supported in the record, the departure will be affirmed. But if the district court's reasons for departure are improper or inadequate, the departure will be reversed." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009) (quotation omitted).

## A.      Basis for Departure

Jerry contends that the district court impermissibly based the upward durational departure on the zone-of-privacy aggravating factor.

A district court is obligated to impose a sentence provided in the sentencing guidelines unless there are "identifiable, substantial, and compelling circumstances" to justify an upward departure from the guidelines.  Minn. Sent. Guidelines 2.D.1 (2012). Such circumstances show "that the defendant's conduct was significantly more . . . serious than that typically involved in the commission of the offense in question."  *Edwards*, 774 N.W.2d at 601.  Commission of an offense "in a location in which the victim had an expectation of privacy" is included in the sentencing guidelines' nonexclusive list of aggravating factors that may support an upward durational departure.  Minn. Sent. Guidelines 2.D.3.b(14) (2012).

Jerry contends that the zone-of-privacy aggravating factor was an impermissible basis for departure because it was an element of an uncharged offense—first-degree burglary committed in an occupied dwelling under Minn. Stat. § 609.582, subd. 1(a) (2012)—and relies primarily on *State v. Jackson*, 749 N.W.2d 353 (Minn. 2008).  In *Jackson*, the supreme court reversed an upward durational departure because the departure was based on uncharged criminal conduct, leading to the concern that prosecuting authorities could manipulate the sentencing guidelines by bringing lesser charges than permitted by the operative facts in order to use those facts as aggravating factors at sentencing.  *See* 749 N.W.2d at 357-58; *see also Hicks*, 864 N.W.2d at 161-62 (confirming that a concern in *Jackson* was "the possibility that the sentencing guidelines could be

6

manipulated by bringing lesser charges than the facts permitted in order to obtain a longer sentence by withholding some facts related to greater charges to use as an aggravating factor at sentencing"); *Edwards*, 774 N.W.2d at 606 (stating that the concern in *Jackson* was that the prosecution was "manipulating" the sentencing guidelines).

Jerry's reliance on *Jackson* is misplaced. Minnesota Statutes section 244.10, subdivision 5a(b) (2012), enacted after *Jackson*, provides that "[n]otwithstanding section 609.04 or 609.035, or other law to the contrary, when a court sentences an offender for a felony conviction, the court may order an aggravated sentence beyond the range specified in the sentencing guidelines grid *based on any aggravating factor arising from the same course of conduct*." (Emphasis added.) The statute applies to crimes committed on or after August 1, 2009. 2009 Minn. Laws ch. 59, art. 5, § 8, at 367. Following the unambiguous statutory language, the supreme court recently held that section 244.10, subdivision 5a(b), "allows the district court to impose a sentence beyond the presumptive range based on any aggravating factor, even if the aggravating factor is part of the same course of conduct as another offense." *State v. Fleming*, ___ N.W.2d ___, ___, No. A14-2187, slip op. at 1 (Minn. Aug. 17, 2016).[1] Given the language of section 244.10, subdivision 5a(b), and the

---

[1] The supreme court previously recognized section 244.10, subdivision 5a(b)'s, impact on *Jackson*. *See Hicks*, 864 N.W.2d at 162 n.7 (noting that the "[l]egislature has apparently limited the impact of *Jackson*"); *Tucker v. State*, 799 N.W.2d 583, 593 n.1 (Minn. 2011) (Anderson, J., concurring) (noting that the legislature "statutorily overruled the restriction adopted in *Jackson*" when it promulgated section 244.10, subdivision 5a(b)). In *Fleming*, however, the supreme court declined to address the statute's legislative history and its effect on sentencing caselaw because the statute's plain language resolved the issue before the court. *See Fleming*, slip op. at 10 n.6. As in *Fleming*, the statute's plain language controls here. *See id*.

7

supreme court's holding in *Fleming*, we conclude that the district court permissibly based the upward departure for criminal sexual conduct on Jerry's invasion of S.E.'s zone of privacy. *See id.*

We agree with the district court's determinations that "[c]riminal sexual conduct offenses do not always occur in the victim's bedroom," that Jerry's conduct was "egregious," and that the zone-of-privacy aggravating factor provided a sufficient basis for departure. *See State v. Kindem*, 338 N.W.2d 9, 17-18 (Minn. 1983) (stating that a permissible basis for departure is when the criminal, "in committing a crime such as rape or robbery, invades the zone of privacy that surrounds the victim's home"); *State v. Titworth*, 381 N.W.2d 510, 512 (Minn. App. 1986) ("Invasion of the victim's zone of privacy justifies a departure because it puts the victim in constant fear for her safety whenever she is at home or in the surrounding area."), *review denied* (Minn. Apr. 18, 1986). In addition, although Jerry does not explicitly raise the issue, we conclude that the district court's finding of violation of the victim's zone of privacy was factually supported by the record. *See Edwards*, 774 N.W.2d at 601. Jerry broke into S.E.'s home in the early morning hours, woke S.E. in her bedroom, and sexually assaulted her there.

Because the district court permissibly considered the zone-of-privacy aggravating factor and the record supports the imposition of an upward departure, we discern no abuse of discretion. *See id.*

8

**B.     Number of Aggravating Factors Required to Impose an Upward Durational Departure and a Consecutive Sentence**

Jerry further contends that, even if the district court could consider the zone-of-privacy aggravating factor, more than one aggravating factor is required to impose an upward durational departure and a consecutive sentence.  Jerry's argument relies on a comment to the sentencing guidelines:

> Consecutive sentences are permissive for multiple current felony convictions even when the offenses involve one victim and a single course of conduct, but only when the presumptive disposition is commitment.  However, consecutive sentencing is not permissive for multiple current felony convictions involving one victim and a single course of conduct if the court is giving an upward durational departure on any of the current conviction offenses.  The Commission believes that to give both an upward durational departure and a consecutive sentence when the circumstances involve one victim and a single course of conduct can result in disproportional sentencing unless additional aggravating factors exist to justify the consecutive sentence.

Minn. Sent. Guidelines cmt. 2.F.204 (2012).

The advisory comment is not binding authority.  *Asfaha v. State*, 665 N.W.2d 523, 526 (Minn. 2003).  Furthermore, Jerry's argument fails under existing caselaw and the text of the sentencing guidelines.  In *State v. Daniels*, we rejected an appellant's reliance on comment 2.F.204 (then listed as comment II.F.204) and caselaw to support the proposition that the district court could not impose an upward departure and a consecutive sentence without finding "severe aggravating circumstances."  765 N.W.2d 645, 651-52 (Minn. App. 2009), *review denied* (Minn. Aug. 11, 2009).  We recognized that comment 2.F.204 and other caselaw cited by the appellant supported his argument but stated that "they do

not represent the law under which [the] consecutive sentences were imposed." *Id.* at 651. We determined that because the imposition of consecutive sentences for kidnapping and robbery convictions occurring in the same course of conduct as a conviction of criminal sexual conduct committed with force or violence was not a departure under the sentencing guidelines and Minn. Stat. § 609.035, subd. 6 (2006), the district court was not required to find "severe aggravating circumstances" to impose both consecutive sentences and an upward durational departure. *Id.* at 651-52; *see also State v. Castillo-Alvarez*, 820 N.W.2d 601, 624 (Minn. App. 2012) (stating that severe aggravating factors were not required to impose an upward durational departure and consecutive sentence because imposing a consecutive sentence "was *not* a departure under the guidelines"), *aff'd*, 836 N.W.2d 527 (Minn. 2013).

The reasoning from *Daniels* applies here. The sentencing guidelines unambiguously provide that "[c]onsecutive sentences are permissive (may be given without departure)" in certain situations. Minn. Sent. Guidelines 2.F.2.a (2012). One of those situations is the imposition of consecutive sentences for first through fourth degree criminal sexual conduct committed with force or violence and another crime committed in the same course of conduct. Minn. Sent. Guidelines 2.F.2.a(2)(iii) (2012); *see also* Minn. Stat. § 609.035, subd. 6 (2012) (providing that consecutive sentences "are not a departure" when sentencing for criminal sexual conduct committed with force or violence and "any other crime committed by the defendant as part of the same conduct"). The guidelines also provide for permissive consecutive sentences for certain enumerated felonies, including third-degree criminal sexual conduct and first-degree burglary. *See* Minn. Sent. Guidelines

10

2.F.2.a(1)(ii), 6.A (2012).  Because Jerry was convicted of third-degree criminal sexual conduct committed with force or violence and first-degree burglary arising out of the same course of conduct, the consecutive sentence was not a departure and the district court was not required to cite more than one aggravating factor to impose an upward durational departure and consecutive sentence.  *See Daniels*, 765 N.W.2d at 651-52.

## C.    Law of the Case

Jerry also contends that the law-of-the-case doctrine prohibited the district court from imposing an upward durational departure on remand because the district court "overruled its prior legal conclusion that [Jerry's] conduct was not significantly more serious than the conduct typically involved in the crimes."

The law-of-the-case doctrine "applies to issues decided in earlier stages of the same case."  *State v. Miller*, 849 N.W.2d 94, 98 (Minn. App. 2014) (quotation omitted).  The doctrine is a discretionary doctrine followed by appellate courts to promote finality of appellate decisions, and the doctrine generally applies where an appellate court has decided a legal issue and remanded; a district court does not generally apply the law-of-the-case doctrine to its own prior decisions.  *Loo v. Loo*, 520 N.W.2d 740, 744 n.1 (Minn. 1994); *see also Kornberg v. Kornberg*, 542 N.W.2d 379, 386 n.2 (Minn. 1996) (noting that the law-of-the-case doctrine "is not normally applied by a district court to its own decisions" (citing *Loo*, 520 N.W.2d at 744 n.1)).  "The doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the *same issues* in subsequent stages in the *same case*."  *Miller*, 849 N.W.2d at 98 (quotations omitted).

11

The law-of-the-case doctrine did not bar the district court from imposing an upward durational departure on remand. In Jerry's first appeal, we held that the district court erred in the order of sentencing and remanded for "proceedings not inconsistent with this opinion," but we did not rule that the district court was prohibited from imposing an upward durational departure on remand. *Jerry*, 864 N.W.2d at 369. Additionally, as the supreme court has observed, the law-of-the-case doctrine is typically inapplicable to a district court's own decisions. *See Loo*, 520 N.W.2d at 744 n.1. And, even if it were applicable here, our review of the record has not revealed an unequivocal ruling by the district court that Jerry's criminal conduct was no more serious than that involved in the typical commission of third-degree criminal sexual conduct. Therefore, the law-of-the-case doctrine did not preclude the district court from imposing an upward durational departure on the third-degree criminal-sexual-conduct conviction. *See Miller*, 849 N.W.2d at 98.

## D.     More Severe Sentence on Remand

Jerry also contends that the upward durational departure violates the rule against more severe sanctions following remand.

In *State v. Prudhomme*, the supreme court held that a district court is prohibited from exceeding the length of the original sentence for a particular crime when resentencing on remand. 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975); *accord State v. Delk*, 781 N.W.2d 426, 429 (Minn. App. 2010), *review denied* (July 20, 2010). The rule is not based on constitutional grounds but on "procedural fairness and principles of public policy." *Prudhomme*, 303 Minn. at 380, 228 N.W.2d at 246.

12

The district court originally imposed a 180-month sentence for criminal sexual conduct. On remand, the district court imposed an upward durational departure, but the total sentence for criminal sexual conduct was 96 months—84 months shorter than the original sentence. The district court did not violate the rule articulated in *Prudhomme*. *See id.*

**Affirmed.**